UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MICHAEL BRANDON VICKERS,                                            PLAINTIFF

V.                                                          CIVIL NO. 1:21-CV-106-LG-RPM

BP EXPLORATION & PRODUCTION,
INC., ET AL.,                                                      DEFENDANTS

# ORDER

## I.     INTRODUCTION

Before the Court is plaintiff Michael Brandon Vickers' ("Vickers'") first motion to amend the scheduling order. Doc. [44]. Vickers asks the Court to extend the existing deadlines and continue the trial date for 60 days. Doc. [45]. This motion is opposed by defendants BP Exploration & Production, Inc., BP America Production Company, and BP p.l.c. (collectively, "BP"). Doc. [46].

## II.    RELEVANT BACKGROUND

On April 1, 2021, Vickers' lawsuit was severed from *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010*, MDL No. 2179 and transferred to the Southern District of Mississippi. Doc. [9]. Finding that the MDL panel had fully resolved all "common pretrial proceedings" in several cases, U.S. District Judge Carl J. Barbier severed, *inter alia*, Vickers' case for independent consideration in light of the "highly individualized facts and issues" in his case, including the "individualized" issue of causation. *Id.*, at 12–13, 22–23. After receiving an extension, BP filed an Answer on May 24, 2021. Doc. [17]. Following a telephonic case management conference, the Court entered a scheduling order setting several deadlines. Doc. [38]. Relevant here, the Court set March 17, 2022 as Vickers' expert designation deadline and June 29,

2022 as the discovery deadline. *Ibid.* On March 15, 2022, Vickers' filed the instant motion. Doc. [44].

### III.  ANALYSIS

#### A. Law

Pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The moving party must "show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Marathon Financial Insurance, Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (quoting *S&W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (internal citations omitted)). The Court weighs four factors when deciding whether there is "good cause" to extend time for expert submissions, including "'(1) the explanation for the failure to [submit a complete report on time]; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice.'" *Reliance Ins. Co. v. Louisiana Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997) (quoting *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)). The Court turns to these factors now.

#### B. Application

Starting with the first factor, Vickers explains that, after the Fifth Circuit's *McGill v. BP Expl. & Prod., Inc.*, 830 F. App'x 430 (5th Cir. 2020) decision, plaintiffs realized that their experts needed to address certain causation-related issues, such as the quality of personal protective equipment ("PPE") provided to workers by BP, through, *inter alia*, Rule 30(b)(6) deposition testimony.[1] Doc. [45], at 3–4. He further explains that BP's knowledge of worker crude oil

---

[1] In a similar context, one court recently noted that "[d]evelopments on the admissibility of certain expert reports in B3 toxic tort cases, and other circumstances noted above, [have] bec[o]me unavoidable challenges." *Burrus v. BP*

2

exposure, work health impacts, and the "connection of the exposures to toxicology and epidemiology" is of "paramount importance" to his experts' consideration of causation. Fed. R. Civ. P. 26(b)(1); Doc. [44], Ex. 2, at 116–21; [45], at 3. In a separate but related case, Vickers was poised to receive such discovery from BP's corporate representative, Dr. David Dutton ("Dr. Dutton"), on February 17, 2022—i.e. before his March 17, 2022 expert designation deadline here. Doc. [45], at 2.[2] However, defense counsel instructed Dr. Dutton not to respond to several entire areas of inquiry relevant to this case. Doc. [47], Ex. 2. After Vickers moved to compel Dr. Dutton's response on March 8, 2022, Doc. [44], Ex. 2, U.S. Magistrate Judge Michael North ordered Dr. Dutton to sit for a second deposition and provide responses to relevant Deposition Topic Nos. 15, 16, 19, 20, and 22. *Torres-Lugo v. BP Exploration & Production, Inc., et al.*, No. 2:20–CV–210–JCZ–MBN (E.D. La. Mar. 30, 2022).[3] By the time that this motion was fully briefed, Dr. Dutton had not yet sat for a second deposition. Doc. [47]. In light of the above, it is apparent that Vickers has diligently pursued his case and, more particularly, the discovery sought here. Circumstances outside of Vickers' control prevented him from complying with the expert designation deadline in a timely manner. *See, e.g.*, *Howard v. Medicredit, Inc.*, No. 3:17–CV–3224–D, 2018 WL 3752366,

---

*Expl. & Prod., Inc.*, No. CV 19–11667, 2022 WL 1211442, at *1 (E.D. La. Apr. 25, 2022) (citing *In re Deepwater Horizon BELO Cases*, No. 20–14544, 2022 WL 104243, at *3 (11th Cir. Jan. 11, 2022)).
[2] While conceding that the identified Rule 30(b)(6) deposition testimony arises in a different case, Vickers explains that plaintiff's counsel has adopted a cost-saving strategy to avoid duplicative litigation costs for identical testimony across hundreds of cases. Doc. [45], at 1–3. The Court understands Vickers' argument to narrowly focus on the *delay in receiving discovery* relevant to *this* case, not whether a different court reached the correct decision in a different discovery dispute. Nevertheless, to the extent Vickers asked the Court to reconsider that discovery dispute, the Court declines this invitation.
[3] While BP subsequently filed a motion for review, U.S. District Judge Jay C. Zainey ordered the parties to move forward with the deposition. *Torres-Lugo v. BP Exploration & Production, Inc., et al.*, 2:20–CV–210–JCZ–MBN (E.D. La. Apr. 19, 2022). After the deposition, Judge Zainey explained, BP could raise any objections in a motion *in limine*. *Ibid.*

at *3 (N.D. Tex. Aug. 8, 2018).[4] For these reasons, the first factor weighs heavily in Vickers' favor.

Turning to the second factor, Vickers' need for expert testimony is significant. Doc. [45], at 3–4. Considering the complexity of calculating the concentration of hazardous chemicals in the Gulf of Mexico on a given day years ago, Vickers' experts are likely to be very important. *McGill*, 830 F. App'x at 431–33. Indeed, BP does not contest the importance of expert testimony to Vickers' case. Doc. [46], at 6. This factor weighs heavily in Vickers' favor.

Turning to the third factor, BP argues that it will suffer delay and increased costs if the motion is granted. The Court is not persuaded by BP's highly conclusory argument. *Harrison v. Wells Fargo Bank, N.A.*, No. 3:13–CV–4682–D, 2016 WL 3612124, at *6 (N.D. Tex. July 6, 2016). To begin with, Vickers' instant motion is his first motion to amend the scheduling order and he only seeks a 60-day extension. Doc. [44]. Furthermore, the parties are in the midst of discovery, not, say, preparing for a trial. *Compare Elliot v. Amadas Indus., Inc.*, 796 F. Supp. 2d 796, 804 (S.D. Miss. 2011), *with* Doc. [38]. Indeed, discovery does not conclude until the end of June, dispositive motions are not due until mid-July, and the trial is not scheduled to begin until January 2023. Doc. [38]. Without greater specificity, there is no indication that a 60-day delay in proceedings would result in more than a minor inconvenience to BP. Doc. [46]. Turning to costs, BP has not specified any additional costs that it will incur—let alone unnecessary or unusually significant costs flowing directly from a decision in Vickers' favor here. *See*, *e.g.*, *Maynard v. PayPal, Inc.*, No. 18–CV–259–D, 2018 WL 5776268, at *5 (N.D. Tex. Nov. 2, 2018). Indeed, BP's expert designation deadline is stayed pending resolution of the instant motion. *See*, *e.g.*, Doc. [48]. As a result, BP

---

[4] BP also argues that certain government agency monitoring data has been public for a long time. Doc. [46], at 4–5, Ex. 2. However, BP fails to explain why this government data is an adequate substitute for the sought discovery. Indeed, BP does not argue that the sought discovery is cumulative or irrelevant.

will not suffer any cognizable prejudice and this factor weighs in Vickers' favor. Since there is no prejudice to BP, the fourth factor also weighs in Vickers' favor. *Howard*, 2018 WL 3752366, at *4; *Maynard*, 2018 WL 5776268, at *5.

Finally, the Court weighs the factors together. *See*, *e.g.*, *E.E.O.C. v. Serv. Temps, Inc.*, No. 3:08–CV–1552–D, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009) *aff'd*, 679 F.3d 323 (5th Cir. 2012). In this case, Vickers has demonstrated ongoing diligence in pursuing expert-related discovery. Vickers' instant motion to amend the scheduling order is his first such motion. He filed this motion before his expert designation deadline lapsed. His case is still in the midst of discovery. He did not receive the identified discovery due to factors beyond his control. Finally, all four factors weigh in Vickers' favor. Ultimately, Vickers has demonstrated good cause to amend the scheduling order.

## IV.  CONCLUSION

**IT IS THEREFORE ORDERED AND ADJUDGED** that Vickers' [44] Motion to Amend the Scheduling Order is **GRANTED**. The Court will schedule a telephonic conference to establish new case management deadlines at a later date.

**SO ORDERED AND ADJUDGED**, this the 3rd day of May 2022.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE